ROBERT DANIELS, *et al.*

*v.*

JOHN H. MCCULLOCH, *Mayor, etc., et al.*

(No. 15291)

Decided December 18, 1981.

*Thornhill, Kennedy & Vaughan and W. A. Thornhill, III* for appellants.

*Lee H. Adler* for appellees.

PER CURIAM:

This case arose in 1980 when the appellees, all City of Beckley police officers, filed suit for injunctive relief to prohibit the Mayor of Beckley from completing the promo-

tions of appellants George Campbell and Carl Jones from officer to the rank of sergeant. The suit also sought a declaratory judgment that any attempt at promotion pursuant to a written examination given on January 9, 1979, be declared null and void and that the examination itself be declared void. The trial court granted both the declaratory and the injunctive relief and declared the promotions null and void. From this order the appellants appeal. For the reasons set forth below, we affirm.

In December of 1978 the Beckley Policemen's Civil Service Commission gave notice that a written promotional examination would be given on January 9, 1979, for the purpose of selecting two qualified applicants for the position of sergeant. No rules of regulations concerning the promotional process had been promulgated; however, educational handouts were made available to the candidates to help them prepare for the examination.

A total of twenty-three police officers took the test. On the night it was administered the President of the Commission (James Higgins) informed the applicants that certain weights would be placed on the three different aspects of the promotional process, *i.e.* personal interviews, the candidate's individual work record, and the examination. The examination would be weighted at approximately 60% and the other two factors at 20% each. After the Commission reviewed the work records of the officers, the members decided that the records were of no value in determining qualifications of the candidates and instead based their assessment of each candidate's experience on the number of years of service.

Appellants Jones and Campbell had the highest scores on the written examination, and also the highest composite scores from the other factors which were considered. On January 20, 1979, Higgins notified the Chief of Police that the two appellants were to be promoted. On January 21, 1979, the two men began their classes at the West Virginia State Police Academy for supervisors. By letter dated February 2, 1979, Higgins informed the Mayor that

two candidates had been tentatively certified for promotion.

A separate action from the one before us was filed in the Circuit Court of Raleigh County seeking a writ of mandamus. A show cause order was issued and service was effected on the members of the Commission who all subsequently resigned on February 14, 1979. The appellees instituted this action when they were informed that the two appellants were to be promoted. In short, the crux of the issue in this case is whether the Beckley Policemen's Civil Service Commission failed to comply with the requirements of *W.Va. Code*, 8-14-6 *et seq.*, the section of our law dealing with civil service for certain police departments.[1]

We believe that the outcome of this case turns on the statutory language of *W.Va. Code*, 8-14-11 [1969] which states in part:

> "The policemen's civil service commission in each Class I and Class II city shall make rules and regulations providing for both competitive and medical examinations for appointments and promotions to all positions in the paid police department in such city, and for such other matters as are necessary to carry out the purposes of the civil service provisions to this article. Any such commission shall have the power and authority to require by rules and regulations a physical fitness examination as a part of its competitive examination or as a part of its medical examination. Due notice of the contents of all such rules and regulations and of any modifications thereof shall be given, by mail, in due season, to the appointing officer; and said rules and regulations and any modifications thereof shall also be printed for public distribution."[2]

One of the appellees' principal complaints below was that no written rules or regulations were promulgated as

---

[1] The statute covers members of paid police departments of municipalities having a population of ten thousand or more.

[2] The City of Beckley is classified as Class II city under *W.Va. Code*, 8-1-3(2) [1969] having a population in excess of ten thousand but not in excess of fifty thousand.

required by this section of our Code. The appellants rely upon *Hall v. Protan*, 156 W. Va. 562, 195 S.E.2d 380 (1973) and contend that because the evidence shows that the test was fairly administered it cannot be invalidated as a matter of law for violation of this requirement. We agree that violation of this section of the Code will not automatically invalidate a promotional examination. In *Hall v. Protan, supra,* this Court declined to adopt such a rule in a case involving the Deputy Sheriff's Civil Service Act, *W.Va. Code,* 7-14-1 to 21. In so doing we said:

> "It is obvious that the lack of rules and regulations concerning the administering of an examination might well prejudice an applicant who may or may not be placed in peril by having to respond 'in the blind' to examination procedures. The civil service commission on the other hand contends that the examination was obtained from the state civil service commission and is the same as administered throughout the State by county civil service commissions and that they in good faith attempted to comply with the provisions of the Act. Whether or not this is so, and whether or not the relators have been prejudiced by the procedures, should be fully developed at an evidentiary hearing." [156 W. Va. at 567-568, 195 S.E.2d 380].

Contrary to the facts of *Hall,* an evidentiary hearing was held in the case before us and evidence was elicited on whether any potential candidates for promotion were prejudiced by the methods used. Following the hearing the court found that the Commission failed to consider the work records of the applicants contrary to *W.Va. Code,* 8-14-17 [1969] and contrary to the instructions given to the candidates at the time of the written examination. After reviewing the test results of all the applicants, the trial court found that either of two other candidates could have received the promotions in question if their experience had been considered and the test weighted as originally stated. From this the court reasoned that some candidates "may have been prejudiced by the former Commission's failure to give any weight to experience and likewise its

giving more weight than had been indicated for the written examination."

After a careful review of the record we cannot say that the court's findings of fact on this issue were clearly wrong. Hence under the standard set down in *Hall v. Protan, supra,* we conclude that the trial court was correct in declaring the promotional process defective.

*W.Va. Code,* 8-14-6 [1969] states that no individual shall be promoted in a paid police department in any manner other than that provided for in the sections that follow it.[3] Section 11 requires rules and regulations to be promulgated by the commission and it is clear from the record that contrary to this section of the law, the commission made no such rules and regulations. Because the regulations did not exist, due notice of their contents and subsequent modification could not be mailed to the appointing officer and printed for public distribution as is also required by Section 11.

The purpose of this act is stated in Syl. pt. 5 of *Dougherty v. City of Parkersburg,* 138 W. Va. 1, 76 S.E.2d 594 (1953):

> "It is the legislative intendment of the police civil service act . . . [*W. Va. Code,* 8-14-6 to 23 [1969] to provide for a complete and all-inclusive system for the appointment, promotion, reduction, removal and reinstatement of all officers (except the chief of police), policemen and other employees of paid police departments in all municipalities having a population of . . . [ten thousand] or more."

---

[3] The applicable portion of *W.Va. Code,* 8-14-6 [1969] states:
"All appointments and promotions to all positions in all paid police departments of Class I and Class II cities shall be made only according to qualifications and fitness to be ascertained by examinations, which, so far as practicable, shall be competitive, as hereinafter provided. No individual except the chief of police shall be appointed, promoted, reinstated, removed, discharged, suspended or reduced in rank or pay as a paid member of any paid police department, . . . in any manner or by any means other than those prescribed in the following sections of this article."

By failing to adopt a rule which would automatically invalidate every promotion made in violation of *W. Va. Code*, 8-14-11 [1969], we do not mean to encourage local commissions to ignore the requirement. We merely decline to extend the present rule in this State at this time. The civil service statute should be followed as closely as possible in order to carry out the intent of the Legislature which enacted it. In this case the Commission should now establish rules and regulations before it holds another promotional examination.

We find the appellant's remaining assignments of error to be without merit, and because of our opinion that the promotions in question were invalid because unsuccessful candidates were prejudiced by the failure of the Commission to promulgate rules and regulations, we will not address the other errors.

Accordingly, the judgment of the Circuit Court of Raleigh County is affirmed.

*Affirmed.*