340 S.E.2d 582

**Jackson H. RICHARDSON**

v.

**The TOWN OF KIMBALL, Jack Premo, Jr., Mayor Jimmy Martinez, et al., Councilmen.**

No. 16624.

Supreme Court of Appeals of West Virginia.

Feb. 19, 1986.

Roger L. Perry, Perry & Perry, Logan, for appellant.

Norris Kantor & Wayne L. Evans, Katz, Kantor & Perkins, Bluefield, for appellee.

BROTHERTON, Justice:

On July 18, 1982, the appellant, Mr. Jackson Richardson, a Maryland resident, was visiting relatives in Kimball. During his visit he received a traffic citation from an officer of the Town of Kimball for speeding. Mr. Richardson paid the fine in the amount of $42.00 rather than return from Maryland to contest the ticket.

Nevertheless, Mr. Richardson later felt that he was unfairly discriminated against because he was from out of state and retained counsel to investigate the matter. As a part of the investigation, Mr. Richardson's attorney requested to inspect the Town of Kimball municipal court records of traffic violations for the years 1981 through 1983. The Town of Kimball denied the request because "it has not been addressed to the custodian of the public records of the Town of Kimball, nor does it

detail with reasonable specificity the information sought as required by Code § 29B–1–3(4)."

On April 4, 1984, Mr. Richardson filed a petition for an injunction against the Town of Kimball, its mayor, recorder, and councilmen, in the Circuit Court of McDowell County, praying for the right to inspect and copy selected public records of the Town of Kimball as permitted by the West Virginia Code and for his attorney's fees in bringing the action. By order of June 1, 1984, the Circuit Court of McDowell County dismissed Mr. Richardson's petition. We reverse.

## I.

Court records were never meant to be hidden away, only to be revealed in small sections to diligent investigators, who must first prove their mettle by navigating through a labyrinth of red tape. Instead, W.Va. Code § 51–4–2 (1981) mandates that: "The records and papers of every court shall be open to the inspection of any person, and the clerk shall, when required, furnish copies thereof, except in cases where it is otherwise specially provided."

██ Traffic records in the municipal court of Kimball clearly fall within this general rule. In West Virginia municipal courts are established as courts by Art. VIII, § 11 of the West Virginia Constitution, and therein vested with certain limited jurisdiction, including traffic complaints.[1] West Virginia Code § 17C–19–8 (1974) requires that a record be kept of all traffic complaints and the official actions by the court in reference thereto. Although there are some recognized exceptions to this rule, *e.g.* juvenile records, traffic records do not fit into any exception. If Mr. Richardson, his attorney, or any other person wishes to go fishing through the traffic records of any court in this State, he has a right to do so.[2] We, therefore, hold that the municipal court for the Town of Kimball is a court

created by the Constitution of the State of West Virginia, vested with jurisdiction to hear traffic complaints, and is required to keep a record of these complaints, and these records are open to inspection by any member of the general public who wishes to see them.

Our holding today is contrary to our holding in *Payne v. Staunton*, 55 W.Va. 202, 46 S.E. 927 (1904). There the Legislature of 1903 passed an act to authorize the County Court of Kanawha County to fund certain indebtedness by issuing bonds and to authorize a special election for that purpose. Under that act an election was held upon the question of whether the bonds should be issued. The returns of the election were made and canvassed, the results ascertained, and the poll books and ballots were returned to the office of the clerk of the county court. Mr. Payne and others applied to the clerk to be allowed to inspect the poll books of the election for all the precincts of the county, but the clerk refused to allow the inspection. Mr. Payne and others applied to the circuit court by petition for mandamus to compel the clerk to allow them to inspect the poll books and to make such copies as they would require, citing W.Va. Code c. 117, § 5 (1899), (now § 51–4–2). The Court, in syl. pt. 7 held that: "Inspection of records and papers in a county clerk's office is not a vested right in every person or under all circumstances. The person asking it must have an interest in the record or paper of which inspection is sought and the inspection must be for a legitimate purpose." The Court further held, in syl. pt. 8, that: "Mandamus will not lie to compel inspection of records by a private individual for the sole purpose of learning evidence for the institution of criminal prosecution." Accordingly, Mr. Payne's request to see the poll books was denied. We now find this holding to have been in error.

The Legislature made its intent quite clear when it provided in Code § 51–4–2

---

1. The individual courts are then created by the acts incorporating a municipality.

2. The court clerk may, of course, provide for reasonable limitations as to the hours and methods of viewing and cost of copying, but in no circumstances may these limitations be used so as to prevent a person from access to the records.

that the records and papers of every court shall be open to the inspection of any person, except in cases where it is otherwise specially provided. Unless a statute provides for confidentiality, court records *shall* be open to public inspection. The section's clear language makes irrelevant any inquiry into the purpose behind the inspection.[3] We, therefore, overrule *Payne v. Staunton* to the extent that it holds otherwise.

## II.

 The Town of Kimball's actions in this case could hardly be characterized as being a good faith effort to abide by the law. Instead, just the opposite is apparent. The record aptly shows that every effort was made to hinder and harass Mr. Richardson in his attempt to exert his rights to see the court records.[4] In *Nelson v. W. Va. Pub. Employees Ins. Bd.*, 171 W.Va. 445, 300 S.E.2d 86 (1982), we noted:

Citizens should not have to resort to law suits to force government officials to perform their legally prescribed non-discretionary duties. When, however, resort to such action is necessary to cure willful disregard of law, the government ought to bear the reasonable expense incurred by the citizen in maintaining the action. No individual citizen ought to bear the legal expense incurred in requiring the government to do its job.

171 W.Va. at 451, 300 S.E.2d at 92. The actions of the Town of Kimball evidence a deliberate disregard for the mandatory provisions of W.Va. Code § 51-4-2 (1981), and as a result Mr. Richardson was forced to institute this legal action. Because this action was necessitated by public officials willfully refusing to obey the law, we hold that Mr. Richardson is entitled to his costs and reasonable attorney's fees expended in the prosecution of this action.

For the foregoing reasons, the judgment of the Circuit Court of McDowell County is hereby reversed and the case is remanded for the determination of reasonable attorney's fees and costs.

Reversed and remanded.

---

3. It has long been the rule in this Court that, "(w)here the words of a statute are plain, free of ambiguity, conveying a plain intent, there is no room for construction by a court, but only for obedience to the legislative will." Syl. pt. 1, *Kelly & Moyers v. Bowman,* 68 W.Va. 49, 69 S.E. 456 (1910).

4. The fact that considerable effort and money have been spent by the town in blocking Mr. Richardson, when only a very minimal effort would have been necessary to satisfy his lawful request, quite frankly leaves this Court suspicious of the town's motives.