375 S.E.2d 760

**Corporal Steve R. HABURSKY and Corporal George J. Jacobs, Members of the Wheeling Police Department**

v.

**Arthur M. RECHT, James G. Squibb and George B. Vieweg, III, As Members of the Police Civil Service Commission of Wheeling, West Virginia.**

No. 18195.

Supreme Court of Appeals of West Virginia.

Nov. 21, 1988.

John E. Gompers, Gompers, Buch, McCarthy & McClure, Wheeling, for Habursky & Jacobs.

Suzanne Belot, Solicitor's Office, Wheeling, for Recht, Squibb, & Vieweg, III.

William E. Parsons, Wheeling, for Rockwell.

McHUGH, Chief Justice:

This appeal involving the Police Civil Service Act[1] raises a narrow question of first impression in this jurisdiction, specifically, the appropriate manner of calculating seniority points for the purpose of promotion of individuals under such Act. Believing this question of law was incorrectly decided below, we reverse.

## I

The appellants, Steve R. Habursky and George J. Jacobs, holding the rank of corporal with the police department of the City of Wheeling, applied along with other persons in the early part of 1986 for promotion to the rank of sergeant. There was one vacancy at that time. Promotions in such department in that city are based upon the applicants' scores on (1) a written examination and (2) an oral examination and upon (3) points for seniority. This case involves only the latter. The appellants and the other applicants took the oral and written examinations in March and April, respectively, of 1986. The Police Civil Service Commission (the "PCSC") for the City of Wheeling subsequently graded the appellants' scores on the oral and written examinations and calculated the appellants' seniority points.

Initially, the PCSC calculated seniority points based upon the appellants' and the other applicants' years of service with the police department of the city. Using these calculations, the PCSC determined that the appellant Jacobs had achieved the highest overall score and that the appellant Habursky had achieved the second highest overall score on the promotional examination.

Shortly thereafter, however, the PCSC recalculated the applicants' seniority points by utilizing only their years of service "in grade," that is, in their grade or rank at the time of taking the promotional examination, namely, corporal. Using the "in-grade" calculations, the PCSC revised the eligibility list for promotion to the rank of sergeant. On this revised list, the appellant Jacobs achieved the second highest overall score (instead of first) and the appellant Habursky achieved the fifth highest overall score (instead of second) on the promotional examination.

The appellants timely requested a hearing before the PCSC. The evidence adduced at that hearing disclosed the following facts as found by the PCSC.[2]

In November, 1976, the city manager approved and city council by ordinance approved the PCSC's regulations, including a regulation, section 10.07(b)(1)(c), which provided for seniority points to be calculated based upon "years of service." In 1984 and 1986 the city passed ordinances amending other parts of the PCSC regulations and containing the same "years of service" language in section 10.07(b)(1)(c).

In January, 1985, however, the PCSC promulgated rules for promotional examinations whereby seniority points were to be calculated based upon "years of in-grade service." A copy of these rules was distributed and read to each of the applicants prior to the competitive examination in question for promotion to sergeant. The January, 1985 rules for promotional examinations were never submitted to or approved by the city manager or city council. The January, 1985 rules for promotional examinations were, however, consistent with the long-standing practice of the PCSC to calculate seniority based upon years of in-grade service, as opposed to total years of service with the police department. The only two times when this practice was not followed, and, instead, seniority points were based upon years of service with the police department, were (1) the initial calculations in this case and (2) on one occasion in 1984, which the PCSC in

---

1. The Police Civil Service Act is codified as *W.Va.Code,* 8–14–6 to –23, as amended.

2. None of these findings of fact are disputed by the appellants except for the finding that they were not prejudiced by lack of city approval of the in-grade service credit rule.

its revised order in this case called an "aberration resulting from inadvertence."

The PCSC found that the "in-grade" service credit rule had been employed with substantial consistency for many years and that the appellants had not been prejudiced by the nonsubmission to the city manager and city council of the formal, January, 1985 "in-grade" service credit rule because all of the applicants for the promotion in question had been informed of such rule timely in advance of the exam. Therefore, the PCSC, applying the "long-standing administrative interpretation" rule of construction, denied the appellants' request for the PCSC to reinstate its initial list of eligibles for promotion to sergeant, using "years of service" with the police department to calculate seniority points.

Upon appeal the Circuit Court of Ohio County affirmed the order of the PCSC for the reasons set forth by the PCSC.

## II

■ *W. Va. Code*, 8–14–17 [1969, 1986] provides in pertinent part: "Promotions [in a paid police department] shall be based upon merit and fitness to be ascertained by competitive examinations ... and upon the superior qualifications of the individuals promoted, as shown by their *previous service and experience* [.]" (emphasis added)[3] PCSC Reg. § 10.07(b)(1)(c), duly approved by the requisite city authorities, provides for seniority points to be calculated based upon "years of service." The statute and this approved regulation clearly imply the consideration of the total number of years of service with the paid police department, not merely the consideration of the number of years in the present grade or rank. This precise point was decided in *State ex rel. Bigam v. Hainen,* 150 Ohio St. 371, 82 N.E.2d 734 (1948), involving a promotional examination for city firefighters.

In *Bigam* the statute provided for seniority credits for promotions based upon "years of service." Under the city civil service commission's rule, however, seniority credits for promotions were limited to the years of service in the promotional applicant's present grade or rank. The Supreme Court of Ohio held in its syllabus that the term, "years of service," contained in the statute, providing for certain service-seniority credits in civil service promotional examination grades, includes the period represented by the total number of years of service rendered by the applicant in the governmental department in which the applicant is employed at the time of such examination and does not limit the period of credit to the years of service in the grade or rank of service in which the applicant is then employed; and a rule of a city civil service commission which does so limit is in conflict with such statute and is invalid.

The *Bigam* court's analysis is as follows. The language of the statute, providing for grade credit for seniority based upon "years of service," is in the most general terms and is without any limitations as to periods of service in any particular grade or rank. Clearly, the full period of service must enter into the computation for seniority credit. It would be incongruous to assume that it was the legislative intent to give an employee, in passing to the first higher grade or rank of service in a governmental department, seniority credit for the employee's full period of service in such department, and at the same time to limit the employee, in passing to each of the next higher grades or ranks in the same department, to in-grade service instead of total service in the department. This is especially true where the words, "years of service," are used in the statute without statutory definition, and, consequently, must be given their ordinary meaning of total number of years of service.

The court in *Bigam* disagreed with the claim that the rule of the city civil service commission was a fair interpretation of the statute and was not in conflict with it.

---

**3.** The 1986 amendment to this section, which is not applicable to this case, did not affect this part of this section.

This Court believes that *Bigam* is very persuasive precedent. Accordingly, we hold that a rule of a police civil service commission basing seniority points, for the purpose of promotion, upon "years of in-grade service" is invalid, as it is too restrictive and conflicts with *W.Va.Code*, 8–14–17, as amended, which requires consideration of "previous service and experience." An "in-grade" service credit rule is invalid also when it conflicts with an existing, city-approved regulation of a police civil service commission which, as here, requires consideration of "years of service." [4]

■ The "in-grade" service credit rule of "interpretation" in this case by the PCSC is remarkably analogous to the "long-standing interpretation" by a police civil service commission in *Crockett v. Andrews*, 153 W.Va. 714, 172 S.E.2d 384 (1970). The "interpretation" herein and in *Crockett* were hinged upon the fabrication of an "ambiguity" in the sense of a "fair" or "reasonable" reading, by the addition of a word or words to an otherwise unambiguous statute or regulation.

In *Crockett* the regulation in controversy provided seniority points for promotion of a city police officer, "for each full year of service he has had with the department[.]" The city police civil service commission had for many years "interpreted" this regulation to read, "for each full year of consecutive or uninterrupted or continuous service[.]"

The Court in *Crockett* disagreed with this so-called "interpretation" of the regulation, deeming it to be an invalid amendment to the regulation, in conflict with the unambiguous meaning of the regulation and not promulgated in conformity with the statutory method of amending regulations of a police civil service commission, including the approval of the specified city authorities.[5]

At the outset the *Crockett* Court held in syllabus point 1: "Rules and regulations promulgated and adopted by a police civil service commission pursuant to statutory authority have the force and effect of law and are therefore subject to the usual rules of statutory construction." *Cf. Cogan v. City of Wheeling*, 166 W.Va. 393, 395–96, 274 S.E.2d 516, 518 (1981) (rules for construing statutes also apply to interpretation of municipal ordinances).[6]

---

**4.** The only other out-of-state authority on point disclosed by our research is *Long v. Commissioner of Public Safety*, 26 Mass.App.Ct. 61, 523 N.E.2d 271, *review denied*, 403 Mass. 1101, 526 N.E.2d 1295 (1988). In that case the state police department was bifurcated into the uniformed branch and the detective branch, each with its own special civil service provisions for, *inter alia*, promotions to the lower ranks or grades. Many of the persons in the detective branch were hired initially from "outside" police departments, rather than from the uniformed branch, and these persons were not given promotional credits for their prior experience with other police departments.

The plaintiff/appellee in *Long* had nine years of experience in the uniformed branch which was very similar to the duties of a detective lieutenant prior to his appointment to the position of detective lieutenant in the detective branch. He subsequently applied for promotion to detective captain, *a position for which the statute provided no standards for promotion thereto.* The notice of the detective captain examination stated that one of the promotional factors to be considered was seniority based on years of service *in grade* as a detective lieutenant. The plaintiff/appellee was denied seniority credit for the nine years of experience in the uniformed branch equivalent to that of detective lieutenant, and, instead, was given seniority credit only for the years spent as a detective lieutenant.

The lower court reversed and ruled in favor of the plaintiff/appellee. The appellate court in *Long* reversed and ruled adverse to the plaintiff/appellee, holding that he was limited to seniority credits for years of service in grade. Critical to this holding was the *lack* of a *statutory* requirement that seniority or all prior functionally equivalent experience be considered in the promotional examination. The court also relied upon the fact that "outside hires" could not include their prior experience with other police departments.

*Long* is obviously distinguishable from the present case. Here the statute does require consideration of "previous service and experience" in the promotional examination, and the city-approved regulation requires consideration of "years of service," not "years of in-grade service."

**5.** *See infra* note 7.

**6.** Rules and regulations of a police civil service commission are to be approved in municipal ordinances of the municipality's governing body. *See infra* note 7.

Next, the *Crockett* Court held in syllabus point 2: "Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation." *See also* syl. pt. 1, *Craig v. City of Huntington*, 179 W.Va. 668, 371 S.E.2d 596 (1988) (unambiguous police pension benefits statute to be applied, not construed); *Cawley v. Board of Trustees*, 138 W.Va. 571, 578, 76 S.E.2d 683, 687 (1953) (unambiguous provisions of firefighters' civil service statute to be applied, not construed). A corollary principle is that it is not permissible to create an obscurity or uncertainty in a statute by reading in an additional word or words. *Crockett*, 153 W.Va. at 719, 172 S.E.2d at 387. The reason for this is that "[r]ules of interpretation are resorted to for the purpose of resolving an ambiguity, not for the purpose of creating it." *Id.* *Accord, Kimes v. Bechtold*, 176 W.Va. 182, 185 n. 5, 342 S.E.2d 147, 150 n. 5 (1986); *Deller v. Naymick*, 176 W.Va. 108, 112, 342 S.E.2d 73, 77 (1985). Moreover, " '[t]hat the parties disagree as to the meaning or the applicability of [a statutory] provision does not of itself render [the] provision ambiguous or of doubtful, uncertain or obscure meaning.' *Estate of Resseger v. Battle*, 152 W.Va. 216, 220, 161 S.E.2d 257, 260 (1968)." *Deller v. Naymick*, 176 W.Va. 108, 112, 342 S.E.2d 73, 77 (1985).

Finally, the *Crockett* Court held in syllabus point 3: "While long standing interpretation of its own rules by an administrative body [or a municipal agency] is ordinarily afforded much weight, such interpretation is impermissible where the language is clear and unambiguous."

In the present case the long-standing "interpretation" of the PCSC that seniority points for the purpose of promotion are to be calculated using "years of in-grade service" may not override the clearly broader provisions of *W.Va.Code*, 8–14–17, as amended ("previous service and experience"), and of the city-approved PCSC Reg. § 10.07(b)(1)(c) ("years of service"). The attempt to create an ambiguity in the meaning of the statute and of such regulation by the addition of "in-grade" is not permissible.[7]

The Court in syllabus point 2 of *In re Appeal of Prezkop*, 154 W.Va. 759, 179 S.E.2d 331 (1971), held:

The judgment of a circuit court affirming a final order of a police civil service commission, upon appeal therefrom as provided by statute, will not be reversed by this Court unless the final order of the commission was against the clear preponderance of the evidence or was based upon a mistake of law.

*Accord*, syl. pt. 3, *Bays v. Police Civil Service Commission*, 178 W.Va. 756, 364 S.E.2d 547 (1987); syl. pt. 1, *City of Parkersburg v. Skinner*, 176 W.Va. 657, 346 S.E.2d 808 (1986); syl. pt. 1, *Martin v. Pugh*, 175 W.Va. 495, 334 S.E.2d 633 (1985).

Here the PCSC and the circuit court relied upon the long-standing interpretation of the PCSC embodied in the "in-grade"

---

7. The "in-grade" service credit rule of the PCSC is invalid in this case for another reason, too. It was not submitted to and approved by the city manager (or mayor) and city council, as required by *W.Va.Code*, 8–14–10(1) [1969].

The PCSC cites *Daniels v. McCulloch*, 168 W.Va. 740, 745, 285 S.E.2d 483, 486 (1981), in support of its contention that this failure to submit the "in-grade" service credit rule to the requisite city authorities for their approval does not invalidate such rule unless prejudice is shown. This reliance upon *Daniels* is misplaced. *Daniels* holds that a promotional *examination* will not be invalidated automatically by the *failure to promulgate* rules and regulations on competitive examinations; instead, prejudice must be shown. Prejudice exists, as a matter of law, however, when, as here, a rule is promulgated without approval of the specified city au-

thorities and such rule conflicts with the statute and with a currently effective and city-approved regulation. The "prejudice" would be the clear invalidity of the unapproved rule and its obvious impact upon the list of eligible individuals for promotion.

For a police civil service commission's rules and regulations to be valid they must be submitted to and approved by the requisite city authorities, as set forth in *W.Va.Code*, 8–14–10(1) [1969]. This is a particular example of the general rule that a police civil service commission has only such jurisdiction and powers as are conferred upon it by statute. It has no inherent jurisdiction or powers. Syl. pt. 1, *Bays v. Police Civil Service Commission*, 178 W.Va. 756, 364 S.E.2d 547 (1987); syl. pt. 3, *State ex rel. City of Huntington v. Lombardo*, 149 W.Va. 671, 143 S.E.2d 535 (1965).

service credit rule. As the foregoing discussion indicates, this reliance was a mistake of law. Accordingly, the final order of the circuit court affirming the final order of the PCSC is reversed.

REVERSED.