384 S.E.2d 833

**Randal M. LEGG**

v.

**Joseph SMITH, Mayor; the City of Charleston; and Fireman's Civil Service Commission of the City of Charleston.**

No. 18674.

Supreme Court of Appeals of West Virginia.

July 3, 1989.

James F. Wallington, Charleston, for Randal M. Legg.

John L. Charnock, Chareston, for appellees.

NEELY, Justice:

Randal M. Legg appeals a decision of the circuit court that refused to require the City of Charleston to hire Mr. Legg as a fireman. The circuit court found that because there were no material issues of fact,

the plaintiff, as a matter of law, was not entitled to be hired. Because we agree that Mr. Legg is not entitled to be appointed to the city fire department, we affirm the judgment of the Circuit Court of Kanawha County.

In January 1981, Mr. Legg and other candidates for employment by the City of Charleston's fire department took written and oral examinations given by the Fireman's Civil Service Commission. Based on a combined examination score, the Commission published a list containing the names of thirty-five (35) eligible candidates. Mr. Legg was listed in tenth position with a combined score of 85.25 out of a maximum score of 100. On 22 April 1982, and 4 May 1982, Joseph Smith, Mayor of the City of Charleston, appointed certain candidates from the list of eligible candidates. Some of those appointed had a lower score than Mr. Legg. On 30 April 1982, Mayor Smith advised Mr. Legg that he would no longer be considered for appointment because he had been passed over three times. Thereafter Mayor Smith appointed other candidates with lower scores than Mr. Legg's to the City's fire department.

On 4 May 1982 Mr. Legg requested a hearing before the Fireman's Civil Service Commission. The commission, claiming it lacked jurisdiction, refused to grant Mr. Legg a hearing. Mr. Legg then brought an action in the Circuit Court of Kanawha County seeking a declaration that, as a matter of law, he should be appointed to the City of Charleston's fire department.

Mr. Legg's motion for summary judgment was denied by the circuit court and on 25 September 1987, the circuit court entered a judgment in favor of the appellees.[1]

On appeal Mr. Legg argues that although three names of eligible candidates are submitted by the commission to the mayor, then the mayor must appoint only the candidate with the highest examination score and, at some point, because of the

---

1. The record in this case consists of the pleadings, some limited discovery, Mr. Legg's motion for summary judgment, the respondents' response and the circuit court's decision. On appeal Mr. Legg maintains that the record is sufficient to demonstrate his entitlement to be appointed to the fire department. We agree that the record, although sparse, is sufficient to allow us to address the specific questions raised by Mr. Legg.

number of vacancies, Mr. Legg became the candidate with the highest score and was entitled to be appointed. We find, however, that the appointing officer is not limited to appointing the highest scoring candidate, but may chose among the three candidates certified.

## I.

■ In considering a civil service statute it is important to follow the statute "as closely as possible in order to carry out the intention of the Legislature which enacted it." *Martin v. Pugh*, 175 W.Va. 495, 501, 334 S.E.2d 633, 639 (1985) (regarding the police civil service statute quoting *Daniels v. McCulloch*, 168 W.Va. 740, 745, 285 S.E.2d 483, 486 (1981). The paid fire department civil service statute provides a complete and exclusive system for the appointment, promotion, reinstatement, removal, reduction, discharge and suspension for all covered positions.[2] The purposes of civil service for paid fire departments are to promote personal efficiency, to assure fitness for the performance of duties is the criterion in all appointments and promotions, and to avoid discharges without cause. *See State ex rel. McLaughlin v. Morris*, 128 W.Va. 456, 37 S.E.2d 85 (1946). The necessity for strict compliance with the statute is shown in the key section involved in the case, namely, *W.Va.Code*, 8–15–20 [1969] which begins by requiring that "[e]very position, unless filled by promotion, reinstatement or reduction, shall be filled only in the manner specified in this section."[3]

■ The appointment procedure for paid fire departments is specified in *W.Va.Code*, 8–15–11 *et seq.* [1987], and consists of (1) development of a list of eligible candidates through competitive examinations and (2) appointment from the list of eligible candidates. In the present case, Mr. Legg's objections concerned only the second part of the procedure, namely, appointment from the list of eligible candidates. *W.Va. Code*, 8–15–20 [1969] determines the procedures for the appointment from the list of eligible candidates:

> The appointing officer shall notify the firemen's civil service commission of any vacancy in a position which he desires to fill, and shall request the certification of eligibles. The commissioner shall forthwith certify, from the eligible list, the names of the three individuals thereon who received the highest averages at preceding competitive examinations held under the civil service provisions of this article within a period of three years next preceding the date of the prospective appointment. The appointing officer shall, thereupon, with sole reference to the relative merit and fitness of the candidates, make an appointment from the three names so certified: Provided, that should he make objection, to the commission, to one or more of these individuals, for any of the reasons stated in section nineteen [§ 8–15–19] of this article, and should such objection be sustained by the commission, after a public hearing along the lines of the hearing provided for in section nineteen, if any such hearing is requested, the commission shall thereupon strike the name of any such individual from the eligible list, and certify the next highest name for each individual so stricken.

*W.Va.Code*, 8–15–20 [1969] requires that upon notice of a vacancy from the appointing officer, the fireman's civil service commission shall certify the names of three candidates who received the highest scores at the appropriate preceding competitive examination. Then the appointing officer selects among the three candidates certified by the commission, considering only the relative merit and fitness of the candidates. The appointing officer *may* make an objection about a candidate or candidates to the commission for one or more of

---

**2.** See *W.Va.Code*, 8–15–11 *et seq.* [1987] regarding civil service for paid fire departments.

**3.** The civil service statute for paid fire departments is similar to the police civil service statute in that both: (1) provide for a complete and exclusive employment system; (2) have beneficial purposes; and, (3) specify the method of appointment. *See Martin, supra*, 175 W.Va. at 501, 334 S.E.2d at 639 (regarding the police civil service statute).

the reasons stated in *W. Va. Code*, 8–15–19 [1969]. Some of these reasons include: addiction to drugs or intoxicating liquors; criminal behavior or notoriously disgraceful conduct; dismissal from public service for misconduct; or fraudulent behavior with respect to securing the fireman civil service position.[4] If the appointing officer makes an objection, *W. Va. Code*, 8–15–20 [1969] requires the fireman's civil service commission, if requested, to provide a public hearing similar to the public hearing described in *W. Va. Code*, 8–15–19 [1969].

Under *W. Va. Code*, 8–15–20 [1969], the appointing officer must select among the three names certified by the fireman's civil service commission. The appointing officer is vested with authority to exercise his best judgment, within the framework of merit and certification, to make an appointment. Appointments are not ministerial acts and the appointing officer exercising this limited authority might consider, for example, such personal characteristics as maturity, dependability, and experience. In *Gartin v. Fiedler*, 129 W.Va. 40, 38 S.E.2d 352 (1946) (regarding the mayor's role in a police promotion) we stated:

> The mayor's function in selecting members of the police department has been recognized, when he is given the right to appoint policemen in the first instance. He is permitted to make selection of one man from every three certified.

*Id.* 129 W.Va. at 52, 38 S.E.2d at 358. Therefore, we hold that *W. Va. Code*, 8–15–20 [1969] does not require the appointing officer to select the highest scoring candidate.[5]

Indeed, the Legislature contemplated that certain high scoring candidates would not be appointed because *W. Va. Code*, 8–15–20 [1969], in addition to requiring three certified names be submitted to the appointing officer, provides a procedure to remove the name of an unsuccessful candidate who was passed over three times.[6] *W. Va. Code*, 8–15–20 [1969] provides in pertinent part:

> As each subsequent vacancy occurs, in the same or another position, precisely the same procedure shall be followed: Provided, however, that after any name has been three times rejected for the same or another position in favor of a name or names below it on the same list, the said name shall be stricken from the list.

## II.

In the present case, Mr. Legg argues that Mayor Smith could appoint only the

---

4. *W. Va. Code* 8–14–15 [1969] (police civil service) contains a similar provision providing that the appointing officer *may* make an objection. See *Martin supra*, 175 W.Va. at 502, 334 S.E.2d at 640.

   *W. Va. Code*, 7–14B–11 [1983] (correctional officers civil service) contains a similar provision providing that if the appointing officer should make an objection, a public hearing, if requested, is required. In *Allen v. Tomblin*, No. 17119 (W.Va. filed August 6, 1986 Syllabus Service, 1986 at 355) (unpublished order), we denied Ms. Allen's request for a writ of mandamus to compel the Sheriff to appoint her as a correctional officer. In *Allen*, the Sheriff objected to Ms. Allen, who then requested a hearing before the Commission.

5. In *Allen, supra*, Syllabus Service at 357 (correctional officers civil service) we refused to require a Sheriff to appoint the highest scoring candidate because:

   > Under the provisions of W.Va.Code 7–14B–11, the Sheriff is vested with the authority to exercise his best judgment, considering the relative merit and fitness of the candidates certified to him, in making an appointment. He has the discretionary authority, for example, to consider such personal factors as the maturity, experience, and dependability of candidates in making appointments. Appointments are not ministerial acts. The facts that the petitioner was certified as eligible for appointment as a correctional officer thus did not confer upon her any guarantee or legal entitlement to such appointment, nor did it impose any nondiscretionary legal duty on the part of the Sheriff to appoint her as a correctional officer.

   See also *Lester v. Summerfield*, 180 W.Va. 572, 574, 378 S.E.2d 293, 295 (1989) (regarding reinstatement of deputy sheriffs).

6. *W. Va. Code* 8–14–15 [1969] (police civil service) contains a similar provision allowing a name to be stricken from the list of eligible candidates after it has been rejected three times in favor of a name or names below it on the list. *Martin supra*, 175 W.Va. at 502, 334 S.E.2d at 640. *W. Va. Code*, 7–14B–11 [1983] (correctional officers civil service) contains a similar provision allowing a name to be stricken from the list of eligible candidates after it has been rejected three times in favor of a name or names below it on the list.

candidate with the highest score because all appointments must be made "with sole reference to the relative merit and fitness of the candidates...." *W. Va. Code*, 8–15–10 [1969]. This argument fails because the statute permits the appointing officer, in this case Mayor Smith, to select among the three certified candidates presented by the commission.

Next, Mr. Legg argues that Mayor Smith and the Fireman's Civil Service Commission failed to provide him with a public hearing as required by *W. Va. Code*, 8–15–20 [1969]. Because the hearing provision of *W. Va. Code*, 8–15–20 [1969] is triggered only if the appointing officer, the mayor, objects to a certified candidate and Mayor Smith did not object to Mr. Legg, we hold that a public hearing was not required in this case.

For the above stated reasons, the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.