413 S.E.2d 666

**James W. MEEK, Appellant,**

v.

**Emmett S. PUGH, III, Mayor of the City of Beckley, and the City of Beckley, Appellees.**

**No. 20070.**

Supreme Court of Appeals
of West Virginia.

Submitted Sept. 18, 1991.

Decided Nov. 20, 1991.

Rehearing Denied Feb. 13, 1992.

William D. Turner, Grant Crandall, Crandall & Pyles, Charleston, for appellant.

Floyd M. Sayre, III, Beckley, for appellees.

Per Curiam:

James M. Meek appeals a decision of the circuit court that refused to require the City of Beckley to promote Mr. Meek to the position of lieutenant in the Beckley Fire Department. The circuit court found that the promotion of another eligible candidate by Mayor Emmett S. Pugh, III, was an exercise of discretion and not subject to interference by a writ of mandamus. Because we find that Mr. Meek is entitled to be promoted to the position of lieutenant, we reverse the judgment of the Circuit Court of Raleigh County.

In 1988, the City of Beckley Firemen's Civil Service Commission conducted examinations for the position of lieutenant in the Fire Prevention Bureau. Following the examination, the Commission determined that all applicants had a passing score and certified as eligible all the applicants to Mayor Pugh. Mayor Pugh promoted Elizabeth E. Settle, who tied with Mr. Meek in second place.[1] Because the Commission had improperly calculated seniority scores based on *Habursky v. Recht*, 180 W.Va. 128, 375 S.E.2d 760 (1988) (discussing seniority points for promotions in paid police departments, *W.Va.Code*, 8–14–17 [1986]), Mr. Meek was awarded an injunction and a writ of mandamus to rescind the promotion and to recalculate the scores.[2]

After recalculating the scores, on November 21, 1989, the Commission again published a list containing the names of the eligible candidates. Mr. Meek was listed in second position with a combined score of 86.8 out of a maximum score of 100 and Ms. Settle was listed in fourth position with a score of 85.9. After the highest scoring candidate withdrew his name from consideration, the Mayor did not select Mr. Meek, the second highest scoring candidate, but again selected Ms. Settle to be promoted to lieutenant.

Mr. Meek sought a writ of mandamus, which the circuit court denied because he determined that the mayor had discretion to choose among the certified candidates and was not required to appoint the highest scoring candidate. Because we find that in matters of promotion, the appointing officer has no discretion and must promote the highest scoring candidate, we reverse the decision of the circuit court.

1. According to the Commission's December 5, 1988 score tabulation, Kelly T. Trump had the highest combined score of 87.5, including 9.5 points for seniority, and Mr. Meek and Ms. Settle tied for second place with a score of 86.9. Mr. Meek received 8.5 points for seniority and Ms. Settle received 8 points for seniority.

2. Mayor Pugh testified that Ms. Settle continued to be paid as a lieutenant even after her promotion was "rescinded."

## I

■ *W.Va.Code,* 8–15–11 *et seq.* [1991], the civil service statute for paid fire departments, "provides a complete and exclusive system for the appointment, promotion, reinstatement, removal, reduction, discharge and suspension for all covered positions." *Legg v. Smith,* 181 W.Va. 796, 384 S.E.2d 833, 835 (1989) (discussing the employment process under the paid fire department statute). In *Legg* we noted that it is important to follow the statute "as closely as possible in order to carry out the intention of the Legislature which enacted it." *Legg, id.* 181 W.Va. at 798, 384 S.E.2d at 835 (quoting *Martin v. Pugh,* 175 W.Va. 495, 501, 334 S.E.2d 633, 639 (1985) (discussing the Police Civil Service Act)). In Syllabus Point 2, *Legg, supra,* we stated that:

> There must be strict compliance with the provisions of the Civil Service for Paid Fire Departments, *W.Va.Code,* 8–15–11 *et seq.* [1987].

Because the present case arose in 1989, *W.Va.Code,* 8–15–22 [1986], determines the procedures for filling vacancies by promotions:

> Vacancies in positions in a paid fire department shall be filled, so far as practicable, by promotions from among individuals holding positions in the next lower grade in the department. *Promotions shall be based upon merit and fitness to be ascertained by competitive examinations to be provided by the firemen's civil service commission and upon the superior qualifications of the individuals promoted, as shown by their previous service and experience:* Provided, That no individual shall· be eligible for promotion from the lower grade to the next higher grade until such individual shall have completed at least two years of continuous service in the next lower grade in the department immediately prior to said examination. The commission shall have the power to determine in each instance whether an increase in salary

constitutes a promotion. (Emphasis added.) [3]

According to *W.Va.Code,* 8–15–22 [1986], promotions must be based on merit and fitness as shown by (1) competitive examination, (2) service, and (3) experience. *See, Bays v. Police Civil Service Commission,* 178 W.Va. 756, 760, 364 S.E.2d 547, 551 (1987) (discussing *W.Va.Code,* 8–14–17 [1986], the promotion requirements under the Police Civil Service Act). The 1991 amendment to *W.Va.Code,* 8–15–22, requires that promotions be based only on (1) experience and (2) competitive examinations.

■ Unlike the subsection of the Firemen's Civil Service Act dealing with employment (*W.Va.Code,* 8–15–20 [1969]), the subsection dealing with promotion (*W.Va.Code,* 8–15–22 [1986 or 1991]) does not provide for an eligibility list of the three highest scorers and the selection by the appointing officer of one of the three "with sole reference to the relative merit and fitness of the candidates...." (*W.Va.Code,* 8–15–20 [1969]). *See, Legg, supra,* for a discussion of the appointing officer's discretion in employment.

In Syllabus Point 1, *Legg supra,* we said:
> " 'Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without interpretation.' Syllabus Point 2, *State v. Elder,* 152 W.Va. 571, 165 S.E.2d 108 (1968). Syllabus Point 2, *State ex rel. Underwood v. Silverstein,* [167] W.Va. [121], 278 S.E.2d 886 (1981)." Syllabus Point 1, *Fucillo v. Workers' Compensation Comm'r,* [180] W.Va. [595], 378 S.E.2d 637 (1988).

The meaning of *W.Va.Code,* 8–15–22 [1986], is clear in its requirement that the most qualified person be promoted and that merit and fitness are shown only by competitive examination, service and experience.

■ In *Gartin v. Fiedler,* 129 W.Va. 40, 38 S.E.2d 352 (1946), we discussed pro-

**3.** In 1991, the legislature amended *W.Va.Code,* 8–15–22 to change the second sentence to provide, in part:

Promotions shall be based upon experience and by competitive examinations to be provided by the firemen's civil service commission....

motion under the Police Civil Service Act, which provided: "Promotions shall be based upon merit to be ascertained by tests to be provided by the civil service commissionand upon the superior qualifications of the persons [sic] promoted, as shown by his previous service and experience...." *Gartin* 129 W.Va. at 46, 38 S.E.2d at 355. Although the certification procedure followed in *Gartin* differs from the present case in that the civil service commission certified only the highest scoring person for each available position, *Gartin* holds that promotion in paid police departments must be given to the highest scoring individual who is "entitled to promotion as a matter of law." *Gartin, id.* 129 W.Va. at 52, 38 S.E.2d at 358. The Syllabus of *Gartin* states:

> Under Section 11 of Chapter 57, Acts of the Legislature 1937, the promotion of members of the police department in towns and cities of a population of five thousand or more, where a paid police department is maintained, 'shall be based upon merit to be ascertained by tests to be provided by the civil service commission and upon the superior qualifications of the persons [sic] promoted, as shown by his previous service and experience.' And where, after submitting to such tests to qualify for an existing vacancy in the department, a person is certified by the civil service commission as entitled to promotion thereto, such promotion to such vacancy becomes effective as a matter of law, and such person has a clear legal right to have his promotion recognized by the mayor and other executive authorities of the municipality involved.

*Gartin* also held that the mayor, when employing a person for the police department, is "permitted to make selection of one man from every three certified" but once a person is employed, "he is presumed to be entitled to serve on the force, with certain rights of promotion, until removed for cause." *Gartin, id.* 129 W.Va. at 52, 38 S.E.2d at 358.

The statutes governing employment and promotion of paid fire departments are sim-ilar to the statutes governing paid police departments in that both statutes require different procedures for employment and promotion. The employment statutes, *W.Va.Code*, § 8–14–15 [1969] (paid police departments) and § 8–15–20 [1969] (paid fire departments), allow the appointing officer to select from among the three individuals "who received the highest averages at preceding competitive examinations...." The promotion statutes, *W.Va. Code*, § 8–14–17 [1986 or 1991] (paid police departments) and § 8–15–22 [1986 or 1991] (paid fire departments), allow no exercise of discretion and require the promotion of the highest scoring individual as a matter of law.

■ Mayor Pugh maintains that in promoting Ms. Settle to lieutenant in the fire prevention bureau, he was selecting the most qualified candidate. In support of his allegation that the examination did not reflect the relative merit and fitness of the candidates, Mayor Pugh notes that four questions on page three of the oral examination focused on fire fighting tactics rather than fire prevention. We note that Ms. Settle petitioned the Fireman's Civil Service Commission to recalculate her score and that the Commission denied her petition. Ms. Settle took no further action.[4] Given the Commission's determination, we find Mayor Pugh, as appointing officer, was without authority to adjust the scores as certified by the Commission or to substitute his judgment on the candidates' merit and fitness.

We, therefore, hold that Mr. Meek, as the highest scoring candidate certified by the Commission, was entitled to be promoted, as a matter of law.

## II

■ In addition to the promotion, back pay from September 29, 1989 until April 27, 1990, the day Mr. Meek ceased active duty with the Beckley Fire Department, and adjustments to his pension and fringe benefits, Mr. Meek also seeks his costs and reasonable attorneys' fees under Syllabus

---

**4.** *W.Va.Code*, 8–15–18a(e) [1984], permits an aggrieved party to appeal the Commission's deci-sion to the circuit court.

Points 3 and 4 of *Nelson v. West Virginia Public Employees Insurance Bd.*, 171 W.Va. 445, 300 S.E.2d 86 (1983). Syllabus Points 3 and 4 of *Nelson* state:

It is settled that in mandamus proceedings where a public officer willfully fails to obey the law, costs will be awarded.

In mandamus proceedings where a public officer willfully fails to obey the law, attorney fees will be awarded.

*See also, State ex rel. Lambert v. Cortellessi*, 182 W.Va. 142, 386 S.E.2d 640 (1989); *Richardson v. Town of Kimball*, 176 W.Va. 24, 340 S.E.2d 582 (1986). *But see, Queen v. Moore*, 176 W.Va. 27, 340 S.E.2d 838 n. 4 (1986).

██ Because the record indicates that the appellees refused to perform their clear statutory duty, we find that Mr. Meek is entitled to costs and reasonable attorneys' fees.

For the above-stated reasons, the order of the Circuit Court of Raleigh County is reversed, and this case is remanded for proceedings consistent with this opinion.

Reversed and remanded.