497 S.E.2d 354

**Hollis B. HORTON, Appellant,**

v.

**The SOUTH CHARLESTON FIRE CIVIL SERVICE COMMISSION, Appellee.**

No. 23894.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 7, 1997.

Decided Dec. 17, 1997.

---

Michael R. Cline, Charleston, for Appellant.

Carolyn Atkinson, South Charleston, for Appellee.

PER CURIAM: [1]

Mr. Hollis B. Horton (hereinafter "Appellant") seeks reversal of a March 22, 1995, order of the Circuit Court of Kanawha County denying the Appellant's request for a writ of mandamus against the South Charleston Fire Department. We find no reversible error in the lower court's determination, and we affirm.

## I.

The Appellant initiated the process of qualification for the position of entry-level firefighter for the City of South Charleston in the fall of 1993. Pursuant to West Virginia Code §§ 8–15–16 and 8–15–18 (1990) [2], an

---

**1.** We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992) ("Per Curiam opinions ... are used to decide only the specific case before the Court; everything in a *per curiam* opinion beyond the syllabus point is merely *obiter dicta*.... Other courts, such as many of the United States Circuit Court of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published per curiam opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a per curiam opinion.")

**2.** West Virginia Code § 8–15–16 provides as follows:

The firemen's civil service commission in each municipality shall make rules and regulations providing for both competitive and medical examinations for appointments and promotions to all positions in the paid fire department in such municipality, and for such other matters as are necessary to carry out the purposes of the civil service provisions in this article. Any such commission shall have the power and authority to require by rules and regulations a physical fitness examination as a part of its competitive examination or as a part of its medical examination: Provided, That after the thirtieth day of June, one thousand nine hundred eighty-one, the medical requirements for appointment to all positions in the paid fire department in such municipality shall include, but not be limited to, the medical requirements stated in section sixteen, article twenty-two of this chapter. Due notice of the contents of such rules and regulations and of any modifications thereof shall be given, by mail, in due season, to the appointing officer; and said rules and regulations and any modifications thereof shall also be printed for public distribution. All original appointments to any positions in a paid fire department subject to the civil service provisions of this article shall be for a probationary period of six months: Provided, That at any time during the probationary period the probationer may be discharged for just cause, in the manner provided in section twenty-five of this article. If, at the close of this probationary term, the conduct or capacity of the proba-

applicant must pass a competitive examination, a physical examination, and a psychological examination. Although the Appellant successfully advanced through the competitive and physical examinations, his psychological examination, administered by Dr. Ralph Smith and Dr. Rosemary Smith, revealed personality traits which resulted in the psychologists' refusal to recommend the Appellant as being eligible for appointment as a firefighter.[3] Based upon this evaluation, the South Charleston Fire Civil Service Commission (hereinafter "Appellees") refused to certify the Appellant to the Mayor as being eligible for appointment, pursuant to West Virginia Code §§ 8–15–19.[4] A public hear-

> tioner has not been satisfactory to the appointing officer, the probationer shall be notified, in writing, that he will not receive absolute appointment, whereupon his employment shall cease; otherwise, his retention in the service shall be equivalent to his final appointment.

West Virginia Code § 8–15–18 provides as follows, emphasis supplied:

> All competitive examinations for appointments or promotions to all positions shall be practical in their character, and shall relate to such matters, and include such inquiries, as will fairly and fully test the comparative merit and fitness of the individual or individuals examined to discharge the duties of the employment sought by him or them. All competitive examinations shall be open to all applicants who have fulfilled the preliminary requirements specified in the other civil service provisions of this article.
>
> Adequate public notice of the date, time and place of every competitive examination, together with information as to the kind of position to be filled, shall be given at least one week prior to such competitive examination. The said commission shall adopt reasonable rules and regulations for permitting the presence of representatives of the press at any such competitive examination. The commission shall post, in a public place at its office, the eligible list, containing the names and grades of those who have passed such competitive examinations for positions in the paid fire department, and shall indicate thereon such appointments as may be made from said list.
>
> *All applicants for appointment* or promotion to any position in a paid fire department who have passed the competitive examination specified above shall, *before being appointed* or promoted, undergo a medical examination which shall be conducted under the supervision of a board composed of two doctors of medicine appointed for such purpose by the mayor of the municipality. Such board must certify that an applicant is free from any bodily or *mental defects, deformity or diseases which might incapacitate him from the performance of the duties of the position desired* and is physically fit to perform such duties before said applicant shall be appointed or promoted to any position. Notwithstanding the first sentence of this paragraph, in the event the commission deems it expedient, the medical examination may be given prior to the competitive examination, and if the medical examination is not passed as aforesaid, the applicant shall not be admitted to the competitive examination.

3. The Appellant emphasizes language from West Virginia Code § 8–15–18, as quoted above, indicating that the examination is to be conducted under the supervision of a board composed of two doctors of medicine *appointed* by the mayor. In the present case, the examiners had no specific papers of appointment by the mayor. They had been requested to perform the evaluation, but they had not been formally appointed. We are not persuaded by the Appellant's argument that the absence of formal appointment should invalidate the examinations of these individuals.

4. West Virginia Code § 8–15–19 provides as follows, emphasis supplied:

> The commission may refuse to examine an applicant, *or after examination to certify as eligible one, who is found to lack any of the established preliminary requirements for the examination or position for which he applies;* or who is physically so disabled as to be rendered unfit for the performance of the duties of the position desired; or who is addicted to the habitual use of intoxicating liquors or drugs; or who has been guilty of any crime or of infamous or notoriously disgraceful conduct; or who has been dismissed from public service for delinquency or misconduct; or who has made a false statement of any material fact, or practiced or attempted to practice any deception or fraud, in his application, in any such examination, or in securing his eligibility; or who refuses to comply with the rules and regulations of the commission.
>
> If any applicant feels aggrieved by the action of the commission in refusing to examine him, or after an examination in refusing to certify him as an eligible, the commission shall, at the request of such applicant, appoint a date, time and place for a public hearing; at which time such applicant may appear, by himself or counsel, or both, and the commission shall then review its refusal to make such examination or certification, and testimony shall be taken. The commission shall subpoena, at the expense of the applicant, any competent witnesses requested by him. After such review, the commission shall file in its records the testimony taken, and shall again make a decision, *which decision shall be final and not subject to judicial review,* but under no circumstances shall the provisions of this article be

ing, pursuant to the Appellant's request, was held on October 16, 1994, and the Appellant introduced the testimony of a personally retained psychiatrist and various personality witnesses.[5] By letter dated January 27, 1995, the Appellee notified the Appellant that it affirmed its prior decision refusing to certify the Appellant as eligible for appointment.

The Appellant sought a writ of mandamus from the lower court by petition filed on December 5, 1994. Finding itself without jurisdiction pursuant to the explicit terms of the statutory framework, specifically West Virginia Code § 8–15–19, the lower court refused to grant the requested writ. The lower court reasoned that the statute unambiguously precludes judicial review of a Fire Civil Service Commission's refusal to certify a candidate. The Appellant now seeks relief in this forum.

## II.

■ In syllabus point two of *Legg v. Smith,* 181 W.Va. 796, 384 S.E.2d 833 (1989), we explained that "[t]here must be strict compliance with the provisions of the Civil Service for Paid Fire Departments, W.Va. Code, 8–15–11 et seq. [1987]." *See also* Syllabus Point 1, *Meek v. Pugh,* 186 W.Va. 609, 413 S.E.2d 666 (1991). In *Daniels v. McCulloch,* 168 W.Va. 740, 285 S.E.2d 483 (1981), we upheld the circuit court's ruling invalidating the promotions of two police officers, reasoning that "[t]he civil service statute [for police officers, West Virginia Code § 8–14–6, et seq.] should be followed as closely as possible in order to carry out the intent of the Legislature which enacted it." *Id.* at 745, 285 S.E.2d at 486.

In *Parsons v. Charleston Firefighters Civil Service Commission,* 190 W.Va. 500, 438 S.E.2d 843 (1993), we recognized that the "establishment, powers and duties of fire companies and fire departments are provided for in W.Va.Code, 8–15–1, et seq." *Id.* at 502, 438 S.E.2d at 845. West Virginia Code § 8–15–15(1) (1990) directs that the "firemen's civil service commission ... shall ... [p]rescribe and enforce rules and regulations for carrying into effect the civil service provisions of this article." Likewise, West Virginia Code § 8–15–16 mandates that the commission "shall make rules and regulations providing for both competitive and medical examinations for appointments and promotions to all positions in the paid fire department in such municipality, and for such other matters as are necessary to carry out the purposes of the civil service provisions in this article."

■ Strict adherence to the provisions regarding the internal operations of the Civil Service Commission compels the conclusion that the Appellant is without remedy in this situation. The guiding statute, West Virginia Code § 8–15–19, explicitly provides that the determination of eligibility for appointment is not subject to judicial review.[6] The Appellant requested a public hearing on the eligibility issue and was granted such hearing. Thus, the Appellee fully complied with the statutory requirements; it acted in accordance with the statute and thereafter refused to certify the Appellant based upon a finding that the Appellant lacked medical certification that he was free from a mental disease or defect which could incapacitate him from becoming a firefighter. We therefore affirm the decision of the lower court in denying the Appellant's request for a writ of mandamus.

Affirmed.

---

construed, in the case of a refusal to examine an applicant for promotion or to certify an applicant as eligible for promotion, as depriving such applicant of his right to seek a writ of mandamus, if the application for such writ is made within twenty days from the date of the decision refusing to examine or to certify him as eligible for promotion.

5. The Appellant introduced testimony from many firefighters who had worked personally and pro-

fessionally with the Appellant. Dr. Jeffrey L. Harlow also testified that personality testing indicated that the Appellant possessed normal personality functioning.

6. The only exception to that directive involves that case of promotional decisions, in which mandamus may then lie, according to the specific terms of the statute.