487 S.E.2d 309

Jimmy Lee MANGUS, Jr. and Richard D. Clarkson, Petitioners Below, Appellants,

v.

Arden D. ASHLEY, Sheriff of Kanawha County, and Kanawha County Deputy Sheriffs' Civil Service Commission, Respondents Below, Appellees,

and

J.W. JOHNSON, II, Petitioner Below,

v.

The CIVIL SERVICE COMMISSION FOR DEPUTY SHERIFFS FOR KANAWHA COUNTY, and James C. Peterson, Kenneth Blake and William C. Porth, Constituting Members of the Said Commission, and Arden D. Ashley, Sheriff of Kanawha County, Respondents Below,

and

M.A. STILTNER and B.J. VanMeter, Petitioners Below,

v.

Art ASHLEY, Sheriff of Kanawha County, and the Kanawha County Deputy Sheriffs' Civil Service Commission, Respondents Below.

Jimmy Lee MANGUS, Jr. and Richard D. Clarkson, Petitioners Below,

v.

Arden D. ASHLEY, Sheriff of Kanawha County, and Kanawha County Deputy Sheriffs' Civil Service Commission, Respondents Below,

and

J.W. JOHNSON, II, Petitioner Below,

v.

The CIVIL SERVICE COMMISSION FOR DEPUTY SHERIFFS FOR KANAWHA COUNTY, and James C. Peterson, Kenneth Blake and William C. Porth, Constituting Members of the Said Commission, and Arden D. Ashley, Sheriff of Kanawha County, Respondents Below,

and

M.A. STILTNER and B.J. VanMeter, Petitioners Below, Appellants,

v.

Art ASHLEY, Sheriff of Kanawha County, and the Kanawha County Deputy Sheriffs' Civil Service Commission, Respondents Below, Appellees.

Jimmy Lee MANGUS, Jr. and Richard D. Clarkson, et al. Petitioners Below,

Gary R. Adkins and Raymond J. Flint, Petitioners Below, Appellants,

v.

Arden D. ASHLEY, Sheriff of Kanawha County, and Kanawha County Deputy Sheriffs' Civil Service Commission, Respondents Below, Appellees,

and

J.W. JOHNSON, II, Petitioner Below,

v.

The CIVIL SERVICE COMMISSION FOR DEPUTY SHERIFFS FOR KANAWHA COUNTY, and James C. Peterson, Kenneth Blake and William C. Porth, Constituting Members of the Said Commission, and Arden D. Ashley, Sheriff of Kanawha County, Respondents Below,

and

M.A. STILTNER and B.J. VanMeter, Petitioners Below,

v.

Art ASHLEY, Sheriff of Kanawha County, and the Kanawha County Deputy Sheriffs' Civil Service Commission, Respondents Below.

Nos. 23568, 23569, 23580.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 25, 1997.

Decided April 11, 1997.

Rehearing Refused June 5, 1997.

Arden J. Curry, II, Pauley, Curry, Sturgeon & Vanderford, Charleston, for Appellants Mangus and Clarkson.

James S. Chase, Robinson & McElwee, Charleston, for Appellees Civil Service Comm'n, Blake and Porth.

Phillip D. Gaujot, Cross Lanes, for Appellee Ashley.

Duane C. Rosenlieb, Jr., St. Albans, for Appellants Stiltner and VanMeter.

James C. Stucky, Charleston, for J.W. Johnson.

Gary R. Adkins, Appellant, Pro se.

Michael J. Del Guidice, Ciccarello, Del Guidice & LaFon, Charleston, for Amicus Curiae Randy West, et al.

Raymond J. Flint, Appellant, Pro se.

STARCHER, Justice:

The appellants in this case, who at the times pertinent to this appeal were serving as Kanawha County deputy sheriffs, contend that performance appraisals may not be used in selecting deputies for promotion. The appellants contend that only seniority and scores on competitive examinations are legitimate selection criteria. The circuit court approved the use of seniority, examinations, *and* performance appraisals; and we affirm this ruling.

The appellants also contend that the Kanawha County Sheriff was not entitled to withdraw a notice of vacancies and list of eligible deputies who had been selected for promotion, after the Sheriff determined that the selection process was flawed. We affirm the circuit court's ruling that the Sheriff properly withdrew the notice and list.

## I.

### Facts and Background

In early 1993 the appellee Sheriff of Kanawha County ("Sheriff Ashley") and the appellee Civil Service Commission for Deputy Sheriffs for Kanawha County (the "Commission") sought to promote nine members of the Kanawha County Sheriff's Department from the grade of deputy sheriff to the grade of corporal. The rules of the Commission established a system for selecting deputies for promotion from among the applicants for promotion. The system assigned points to each applicant for each of three categories: (1) competitive examination scores; (2) seniority; and (3) individualized performance appraisals, which were prepared by personnel within the Sheriff's Department.

On April 26, 1993, using the combined total point scores of the applicants, the Commission certified the top nine applicants for promotion. On April 28, 1993, various deputies who were not certified in the top nine for promotion filed suit in the Circuit Court of Kanawha County and obtained an order enjoining Sheriff Ashley from promoting the previously certified nine deputies. By order dated July 23, 1993, the circuit court dismissed the injunction action on the grounds that the plaintiffs had failed to exhaust their administrative remedies before the Commission.

Meanwhile, during the pendency of the injunction action, Sheriff Ashley withdrew his previously issued notice of vacancies on the ground that flaws existed in the performance

appraisals used in selecting the candidates to be promoted.[1] The Commission thereafter held hearings concerning the selection of deputy sheriffs for promotion. By order dated March 21, 1994, the Commission ruled that: (1) the governing law concerning promotion of deputy sheriffs requires the consideration of performance appraisals; and (2) because of flaws in the selection process, Sheriff Ashley correctly withdrew the notice of vacancies.

On April 8, 1994, appellants Jimmie Lee Mangus and Richard D. Clarkson filed suit in the Circuit Court of Kanawha County seeking a writ of mandamus compelling the Commission to certify Mangus and Clarkson as eligible for promotion to the rank of corporal and compelling Sheriff Ashley to promote Mangus and Clarkson to the rank of corporal effective April 26, 1993, with full back pay and full seniority.[2] On April 8, 1994, J.W. Johnson, II also filed a civil action seeking the same relief that Mangus requested. Three days later, on April 11, 1994, appellants M.A. Stiltner and B.J. VanMeter filed a civil action raising similar issues and seeking similar relief.

By order dated December 19, 1994, the three mandamus petitions were consolidated into one proceeding. After briefing, Special

Judge Holliday denied the three petitions for writ of mandamus by order entered December 29, 1995.[3] These consolidated appeals followed.

Meanwhile, in 1995 and 1996 the Commission held a series of public meetings to address promotion criteria and the need to remedy the Sheriff's Department's depleted rank structure. These meetings resulted in the promulgation of new rules governing promotions within the Department. Like the previous rules, the new rules ranked applicants for promotion by their total of points awarded for seniority, scores on competitive examinations, and the results of performance appraisals—but the relative weight assigned to each factor was changed somewhat.

After the promulgation of the new rules, Sheriff Ashley notified the Commission of 23 vacancies for the rank of corporal and requested that the Commission certify a list of deputies eligible to be promoted. On June 19, 1996, the Commission administered a written examination and thereafter employing the newly adopted rules certified a new list of eligibles. In July of 1996, 22 deputy sheriffs were promoted to the grade of corporal. Among the deputies promoted were deputies Mangus, Clarkson, Flint, Adkins and Stiltner.[4]

1. Many appraisals were untimely and some were performed by a person who himself was a candidate for promotion.

2. By order dated May 27, 1994, the court granted leave for appellant Gary R. Adkins, appellant Raymond J. Flint, Sharon L. Lanham, Debra L. Walters, Randall L. West, Larry D. McDonnell, and Richard W. Rose to intervene in the Mangus/Clarkson case.

3. Judge Holliday's ruling stated in pertinent part: Prior to 1991, nearly identical language as that contained in 7–14–13 of the West Virginia Code was contained in the Civil Service statutes governing the promotion of firemen and municipal police officers. In *Meek v. Pugh,* 186 W.Va. 609, 611, 413 S.E.2d 666, 668 (1991), the West Virginia Supreme Court of Appeals held that promotions are to be based upon three factors: (1) competitive examination, (2) service, and (3) experience. In *Bays v. Police Civil Service Commission,* 178 W.Va. 756, 760, 364 S.E.2d 547, 551 (1987), a case dealing with the promotion of a city policeman, the West Virginia Supreme Court of Appeals approved the application of the three criteria through a formula which ranked can-

didates for promotion based on the combination of a written examination score, a score based on the number of years of service, and a performance appraisal score, similar to that used in the instant case. Accordingly, when dealing with the statutory language identical to 7–14–13 of the West Virginia Code, the West Virginia Supreme Court of Appeals has found the use of performance appraisals or evaluations to be proper.

The 1991 legislative amendments to *W.Va.Code* 8–15–22 and *W.Va.Code* 8–14–17 establish a two-factor merit system employing a competitive examination and seniority for certifying promotions for police officers, however, the Legislature made no such amendment to *W.Va. Code* 7–14–13 and the commission must abide by the three-factor criteria contained therein.

Judge Holliday further ruled that "the Sheriff of Kanawha County had no alternative but to withdraw the declarations of openings to the rank of corporal and thus his actions were proper."

4. We rely upon the briefs of the parties to this appeal for the facts recited herein relating to actions taken after the circuit judge's ruling and

## II.

### Standard of Review

■ The two principal issues raised in the consolidated appeals are governed by separate standards of review. Appellants' first assignment of error asks this Court to rule that statutory law prohibits the use of performance appraisals in making promotional selections for deputy sheriffs. Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review. Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

■ Appellants' second assignment of error relates to Sheriff Ashley's withdrawal of the notice of vacancies. The Commission made a finding of fact that flaws existed in the performance appraisals used to certify the list of eligibles. Based on this finding of fact, the Commission determined that Sheriff Ashley correctly withdrew the notice of vacancies and list of eligibles. "A final order of a police civil service commission based upon a finding of fact will not be reversed by a circuit court upon appeal unless it is clearly wrong or is based upon a mistake of law." Syllabus point 1, *Appeal of Prezkop*, 154 W.Va. 759, 179 S.E.2d 331 (1971). *In accord*, Syllabus Point 1, *State ex rel. Ashley v. Civil Service Comm'n for Deputy Sheriffs of Kanawha Co.*, 183 W.Va. 364, 395 S.E.2d 787 (1990). Syllabus Point 1, *Johnson v. Ashley*, 190 W.Va. 678, 441 S.E.2d 399 (1994).

## III.

### Discussion

### A.

### Performance Appraisals

■ This case requires us to consider two statutory sections, both of which are part of the statutory scheme governing the civil service system for deputy sheriffs.[5] Each

side to this appeal urges us to be guided by the statutory section that they contend favors their position.

The appellants contend that the use of performance appraisals in the selection of deputy sheriffs for promotion is barred by the provisions of *W.Va.Code*, 7–14–1 [1991], which provides in pertinent part:

> . . . all appointments and promotions of full-time deputy sheriffs shall be made only according to qualifications and fitness to be ascertained by examinations, which, so far as practicable, shall be competitive, as hereinafter provided.

The appellants contend that the language of this statutory section, the initial section in the *West Virginia Code* establishing the civil service system for deputy sheriffs, plainly requires that only objective criteria such as seniority and the results of competitive examinations are permissible criteria for deputy sheriff promotions—and that performance appraisals, which inherently have a subjective element, are therefore impermissible. The circuit court's ruling in the instant case did not mention this *Code* section.

The appellees Sheriff and Commission counter by pointing to the section of the *West Virginia Code* which the circuit court's ruling did reference and rely upon, namely, *W.Va. Code*, 7–14–13 [1991], which provides in pertinent part that:

> Promotions [of deputy sheriffs] shall be based upon merit and fitness, to be ascertained by competitive examinations to be provided by the civil service commission, and upon the superior qualifications of the persons promoted, as shown by their previous service and experience.

The appellees contend that this language, as interpreted by this Court in construing similar statutes, means that examinations, seniority *and* performance appraisals must be used as criteria for deputy sheriff promotions.

---

the filing of this appeal, because these facts are not clearly reflected in the record.

5. In *Mangum v. Lambert*, 183 W.Va. 184, 186 n. 3, 394 S.E.2d 879, 881 n. 3 (1990) we stated that the deputy sheriffs' civil service system was created in 1971 with the enactment of *W.Va.Code*, 7–

14–1, *et seq.*; and that the purpose of the statute may be stated to be to provide for a complete and all-inclusive system for the appointment, promotion, reduction, removal and reinstatement of deputies.

We approach the parties' competing claims—that one or the other of these two statutory sections [6] is controlling—with certain well-established principles in mind.

In considering civil service statutes it is important to follow the statutes as closely as possible in order to carry out the intention of the Legislature that enacted them. *See Legg v. Smith,* 181 W.Va. 796, 798, 384 S.E.2d 833, 835 (1989). Looking at a similar statutory system, this Court has recognized that "[o]ur Civil Service System Act ... is a conglomeration of statutes that must be read in *pari materia.*" Syllabus Point 1, *State ex rel. Callaghan v. W. Va. Civil Service Commission,* 166 W.Va. 117, 273 S.E.2d 72 (1980).

 It is axiomatic that a court must whenever possible read statutes dealing with the same subject matter *in pari materia* so that the statutes are harmonious and congruent, giving meaning to each word of the statutes, and avoiding readings which would result in a conflict in the mandates of different statutory provisions. "Statutes which relate to the same subject matter should be read and applied together so that the Legislature's intention can be gathered from the whole of the enactments." Syllabus Point 3, *Smith v. State Workmen's Compensation Com'r,* 159 W.Va. 108, 219 S.E.2d 361 (1975). *See Parkins v. Londeree,* 146 W.Va. 1051, 1060, 124 S.E.2d 471, 476 (1962).[7]

Guided by these principles, we first give a close facial reading *in pari materia* to the two above-quoted statutory provisions. We determine that a single consistent expression of the law may be extracted from their language.

The above-quoted language from *W.Va. Code,* 7–14–1 [1991] can be reasonably read as using the word "and" to separate the criteria to be used to determine promotions for deputy sheriffs into two categories: (1)

"qualifications" and (2) "fitness." Similarly, the above-quoted language from *W.Va. Code,* 7–14–13 [1991] can also be reasonably read as using the word "and" to separate the criteria used to determine promotions for deputy sheriffs into two categories: (1) "merit and fitness", and (2) "superior qualifications."

These two sets of categories are so close in terminology as to be essentially identical. Therefore, the two statutory sections can be read *in pari materia* as stating that there are two categories of criteria which are to be used in determining promotional choices for deputy sheriffs: "qualifications" and "merit and fitness."

Taking this division into two categories as a first step, we next identify any language in the two statutory sections that further defines or modifies the "qualifications" category. In *W.Va. Code,* 7–14–1 [1991], the language establishing the "qualifications" category is not directly modified. In *W.Va. Code,* 7–14–13 [1991], the "qualifications" category language is directly modified—by the phrase "as shown by their previous service and experience." Read in this fashion, there is no inconsistency or conflict between the pertinent language in the two sections. *W.Va. Code,* 7–14–13 [1991] simply contains additional modifying language. The two statutory sections can thus be read *in pari materia* to require that qualifications are to be shown by previous service and experience.

We next identify any language in the two statutory sections that modifies or defines the "merit and fitness" category. *W.Va. Code,* 7–14–1 [1991] says that merit and fitness are to be "ascertained by examinations, which, so far as practicable, shall be competitive, as hereinafter provided." *W.Va. Code,*

---

6. Although these two statutory sections have been amended as recently as 1991, the language of both sections that is at issue in this case has been unchanged since 1971, when the deputy sheriffs' civil service system was created. *See* note 5 *supra.*

7. "A statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part; it being presumed that

the legislators who drafted and passed it were familiar with all existing law, applicable to the subject matter, whether constitutional, statutory or common, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose and design thereof, if its terms are consistent therewith." Syllabus Point 1, *State v. White,* 188 W.Va. 534, 425 S.E.2d 210 (1992) (citations omitted).

7-14-13 [1991] says that fitness is "to be ascertained by competitive examinations to be provided by the civil service commission." Thus, both statutory sections can be read *in pari materia* to require competitive examinations provided by the civil service commission to ascertain an individual's degree of merit and fitness.

In summary, an *in pari materia* facial reading of the language of *W. Va.Code,* 7-14-1 [1991] and *W.Va.Code,* 7-14-13 [1991] establishes two categories of criteria which are to be used in deputy sheriff promotions: (1) qualifications as shown by previous service and experience; and (2) merit and fitness as ascertained by competitive examinations to be provided by the civil service commission.

We next examine whether this reading is in conflict with precedent, and/or whether precedent further explicates or supports the language of our reading. We find no substantive conflict, and we find that relevant case law supports and adds to our formulation.

We have previously discussed the meaning of the words "as shown by their previous service and experience" which in our *in pari materia* reading modify the "qualifications" category. In *Bays v. Police Civil Service Comm'n,* 178 W.Va. 756, 762, 364 S.E.2d 547, 553 (1987), a case involving the civil service requirements for promoting police officers,[8] we stated that:

> *W.Va.Code,* 8-14-17 [1969, 1986][9] expressly requires promotions under the Police Civil Service Act to be based upon merit and fitness as shown by three factors: (1) competitive written examination, (2) *service, i.e., performance appraisal* and *(3) experience, i.e., seniority.*

(Emphasis added; footnote not in original).

We reiterated the *Bays* three-factor "examination/service/experience" formulation [10]

8. In *Mangum v. Lambert,* 183 W.Va. 184, 186 n. 5, 394 S.E.2d 879, 881 n. 5 (1990), this Court stated that the provisions of *W.Va.Code,* 8-14-6 to -23 (the statutes governing civil service for municipal police officers) are identical in many respects to the provisions of *W.Va.Code,* 7-14-1 to -21 (the statutes governing the deputy sheriffs' civil service system); and that consequently principles enunciated in the construction of one statutory system are quite often applicable where the same circumstances arise under the other.

9. The language of the police civil service statute at issue in *Bays, W.Va.Code,* 8-14-17 [1986], was essentially identical to the language of *W.Va. Code,* 7-14-13 [1991] and provided in pertinent part:

> Vacancies in positions in a paid police department of a Class I or Class II city shall be filled, so far as practicable, by promotions from among individuals holding positions in the next lower grade in the department. Promotions shall be based upon merit and fitness to be ascertained by competitive examinations to be provided by the policemen's civil service commission and upon the superior qualifications of the individuals promoted, as shown by their previous service and experience [.]

10. We recognize that our *in pari materia* reading (stated in Syllabus Point 3 of this opinion) of the two deputy sheriff civil service statutes at issue in the instant case states a two-category formulation that is different in form, but not in substance, from the three-factor formulation that this Court set out in *Bays* and *Meek.* (In our *in pari materia* reading, the "service" and "experi-

ence" factors separately set out in *Bays* are contained within the "qualifications" category.

In *Bays* and *Meek,* we were not addressing a claim that one statutory section dealing with promotion conflicted with or overrode another section. Therefore in those cases we were not required to make an *in pari materia* reading of the language of two statutory provisions.

In fact, the police and fire civil service statutes also each have two sections addressing promotions; as we have noted, the relationship between the two sections was not discussed in *Bays* and *Meek.* For the police civil service system, in addition to then *W.Va.Code,* 8-14-17 [1986] (quoted in note 10, *supra* ), *W.Va.Code,* 8-14-6 [1969] states in pertinent part:

> All appointments and promotions to all positions in all paid police departments of Class I and Class II cities shall be made only according to qualifications and fitness to be ascertained by examinations, which, so far as practicable, shall be competitive, as hereinafter provided.

This language is essentially identical to the language of one of the provisions at issue in this case *W.Va.Code,* 7-14-1 [1991]. Although *Bays* did not address the significance of *W.Va.Code,* 8-14-6 [1969], the implicit holding of *Bays* is that the provisions of *W.Va.Code,* 8-14-6 [1969] do not preclude the use of performance appraisals for police promotions. This supports our conclusion that the essentially identical provisions of *W.Va.Code,* 7-14-1 [1991] do not preclude the use of performance appraisals for deputy sheriffs.

The same reasoning applies to the two firefighter promotion civil service statutes discussed in *Meek. W.Va.Code,* 8-15-11 [1969] and *W Va. Code,* 8-15-22 [1986].

in *Meek v. Pugh,* 186 W.Va. 609, 611, 413 S.E.2d 666, 668 (1991), a case dealing with essentially identical statutes governing civil service for firefighters, stating:

> [A]ccording to *W.Va.Code,* 8–15–22 [1986], promotions must be based on merit and fitness as shown by (1) competitive examination, (2) service, and (3) experience. *See, Bays v. Police Civil Service Commission,* 178 W.Va. 756, 760, 364 S.E.2d 547, 551 (1987) (discussing *W.Va.Code,* 8–14–17 [1986], the promotion requirements under the Police Civil Service Act).

The appellants do not offer any argument—neither do we discern any reason—why the "service" and "experience" language in the essentially identical statutes at issue in the *Bays* case should have a different meaning in the instant case. We stated in *Mangum* that the interpretation of the police civil service statutes may be helpful in interpreting similar deputy sheriff civil service statutes. *See* note 8, *supra.* Therefore we incorporate in our *in pari materia* reading of *W.Va.Code,* 7–14–1[1991] and 7–14–13[1991] the meanings that we set forth in *Bays* for the terms "service"—i.e., performance appraisal—and "experience"—i.e., seniority.

With respect to the "merit and fitness" category of our formulation, the parties agree that merit and fitness in the deputy sheriff promotion selection process are to be ascertained by competitive examinations.[11]

Summarizing the foregoing discussion, *W. Va.Code,* 7–14–1 [1991] and *W.Va.Code,* 7–14–13 [1991] when read *in pari materia* and in light of this court's prior cases establish that the categories of required criteria for deputy sheriff promotions are (1) qualifications as shown by previous service and experience; and (2) merit and fitness as ascertained by competitive examinations to be provided by the civil service commission. Previous service means performance appraisals; experience means seniority.

Measured against this standard, the criteria for deputy sheriff promotions that were established by the Kanawha County Deputy Sheriff's Civil Service Commission in the instant case—examination results, seniority and performance appraisals—are completely compatible.

Appellants argue that in 1991 the Legislature eliminated the statutory language which required the consideration of "previous service" from the governing statutes for municipal police and firefighter promotions, thereby prohibiting the use of performance appraisals in evaluating municipal police and firefighters for promotion.[12] We mentioned this statutory change in *Meek.*[13]

Appellants speculate that the 1991 Legislature did not make a similar change in the language governing deputy sheriff promotion—that is, did not also remove the "previous service" language from *W.Va.Code,* 7–14–13 [1991]—through an oversight.[14]

However, "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Martin v. Randolph County Bd. of Educ.,* 195 W.Va. 297, 312, 465 S.E.2d 399, 414 (1995), *quoting Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391, 397 (1992). The appellants

---

The 1991 changes to the police and firefighter statutes, which were noted by the circuit court and were discussed in *Bays* and *Meek,* are given at note 12 *infra.*

**11.** *W.Va.Code,* 7–14–9 [1972] establishes the nature of and procedures required for competitive examinations for deputy sheriff promotional selection.

**12.** *W.Va.Code,* 8–14–17 [1991] states in pertinent part: "Promotions shall be based upon experience and by written competitive examinations to be provided by the policemen's civil service commission[.]" *W.Va.Code,* 8–15–22 [1991] states in pertinent part: "Promotions shall be based upon experience and by competitive examinations to

be provided by the firemen's civil service commission[.]"

**13.** "The 1991 amendment to *W.Va.Code,* 8–15–22, requires that promotions be based only on (1) experience and (2) competitive examinations." *Meek v. Pugh,* 186 W.Va. at 611, 413 S.E.2d at 668 (1991).

**14.** In fact, the Legislature did amend both *W.Va. Code,* 7–14–1 and 7–14–13 in 1991, but it did not change the language at issue in the instant case. *See Adkins v. Miller,* 187 W.Va. 774, 789, 421 S.E.2d 682, 697 (1992) (Neely, J., dissenting) (stating that in 1991 the Legislature amended *W.Va.Code,* 7–14–1 to include all deputy sheriffs in the civil service system, except chief deputies).

offer no argument that overcomes this presumption.

Appellants additionally argue that the Legislature did away with performance appraisals for police and firefighters because such appraisals are unwise and unfair—and that we should rule against the use of such appraisals for deputy sheriffs for the same reason. But this Court is not charged with establishing policy in this area.[15]

Consequently, the circuit court's judgment approving of the use of performance appraisals in deputy sheriff promotions is affirmed.

### B.

*Withdrawal of the Initial Promotion List*

 We also find to be without merit the appellants' second principal contention—that Sheriff Ashley should not have been permitted to withdraw the original notice of vacancies and list of deputies to be promoted after he determined that the selection process was flawed.

No party to this appeal disputes the Commission's factual finding that the initial performance appraisals were flawed. The appellants contend however that once there was a list of persons certified for promotion, the promotions had to take place regardless of the acknowledged flaws in the selection process.

To support this contention, appellants cite *Gartin v. Fiedler*, 129 W.Va. 40, 38 S.E.2d 352 (1946). In *Gartin* this court held that a

mayor had no discretion to pick and choose from a promotion list which had been certified by the police civil service commission. But there was no suggestion in *Gartin* that the list itself was flawed in its basic construction. Thus the *Gartin* case is not applicable to the appeal before us.

The circuit court was only empowered to reverse the determination of the Commission that the Sheriff had properly withdrawn the notice and list if the Commission's decision was clearly wrong or based upon a mistake of law. *See State ex rel. Ashley v. Civil Service Comm'n for Deputy Sheriffs of Kanawha Co.*, 183 W.Va. 364, 395 S.E.2d 787 (1990); *Johnson v. Ashley*, 190 W.Va. 678, 441 S.E.2d 399 (1994).

In the instant case, when the promotion process was halted by parties who had identified significant flaws in the process, the Sheriff and the Commission were not "clearly wrong" or mistaken in the law—in fact, they were fully justified in stopping the process and going back to "square one" to implement a defensible procedure.

Therefore, we hold that in the face of clear error in the process of selecting deputy sheriffs for promotion, a sheriff may withdraw a notice of vacancies and list of persons eligible for promotion. The circuit court's ruling on this issue is therefore affirmed.[16]

### D.

*Conclusion*

For the foregoing reasons, the judgment of

---

**15.** Appellants claim that performance appraisals are inherently subjective, not competitive, and dangerously susceptible to bias and manipulation for political and personal purposes. We do not adjudge the validity of appellants' concerns. Certainly the flaws in the initial selection process in this case suggest how the use of performance appraisals could in some circumstances lead to perceived unfairness or abuse. We have also recognized the competing concern of seeking to weigh in the promotion selection process an individual's prior job performance. *Cf. Bays*, 178 W.Va. at 761–62, 364 S.E.2d at 552–53 (for cases discussing performance appraisals and evaluations).

**16.** An issue that we do not resolve or express any opinion regarding is the potential entitlement of some of the nine deputies initially listed for promotion—who were also among the group later

selected for promotion under the revised selection process—to differential back pay and seniority in grade. The briefs in these appeals suggest that some of these individuals claim to be entitled to back pay in the amount of the differential between their deputy and corporal pay from the time they originally would have been promoted until the time they were selected to be promoted for a second time; and to "back seniority" in corporal grade.

Because such claims are necessarily premised in part on events that occurred after these appeals were filed, it does not appear that this issue has been presented to the circuit court. We ordinarily do not address on appeal matters which were not presented to the tribunal below, *see State v. Greene*, 196 W.Va. 500, 506, 473 S.E.2d 921, 926 (1996) (Cleckley, J., concurring). The circuit court should give initial consideration to these claims.

the circuit court is affirmed.[17]

Affirmed.

DAVIS, J., deeming herself disqualified, did not participate in the decision in this case.

**17.** In light of our ruling, the appellants are not entitled to the award of attorney fees that they have requested, with the possible exception of fees associated with the back pay claims mentioned at note 16.