FILED

**March 21, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 21-0577 – *State ex rel. March-Westin Co., Inc. v. Gaujot, et al.*

Hutchison, C.J., concurring, in part, and dissenting, in part:

I am in full agreement with the majority's conclusion that, for purposes of assessing percentages of fault pursuant to West Virginia Code § 55-7-13d, the circuit court must consider the fault of a plaintiff's employer when it is alleged that the employer has contributed to the plaintiff's injury even though the employer is immune from suit and could not have been named as a party to the suit. In so holding, the majority carefully examined the statute and properly gave force and effect to the plain and unambiguous language that the Legislature so purposefully employed.

I dissent, however, to the holding that, under the statute, a party who seeks to have fault assessed to a nonparty employer need not show that the employer's acts or omissions would satisfy the "deliberate intention" standard set forth in West Virginia Code § 23-4-2, but that it need only show that the employer proximately caused the plaintiff employee's injury by breaching a legal duty "of some kind." The most obvious problem with the majority's decision to simply require proof of "any breach of a legal duty to the plaintiff" so long as it proximately caused the plaintiff's injury is that it was fabricated out of whole cloth, with no basis in either West Virginia Code § 55-7-13d or any other law within or without our jurisdiction. Indeed, the majority cites to none. But more troubling is that it has gone out of its way to ignore critical statutory language and the most basic rules of statutory construction, which clearly establish that the Legislature intended that the

standard of proof for allocating fault to a nonparty employer *is* the deliberate intention standard.

Inexplicably, the majority has failed to consider and give effect to specific statutory language that the Legislature purposefully used for determining whether and to what degree a nonparty employer shall be assessed fault. When construing a statute, we must

> "presume[] the legislature had a purpose in the use of every word, phrase and clause found in a statute and intended the terms so used to be effective, wherefore an interpretation of a statute which gives a word, phrase or clause thereof no function to perform . . . must be rejected as being unsound, if it be possible so to construe the statue as a whole, as to make all of its parts operative and effective." Syl. Pt. 7, Ex parte Watson, [in part,] 82 W. Va. 201, 95 S.E.648 (1918).

Syl. Pt. 3, in part, *United States v. Osborne*, 211 W. Va. 667, 567 S.E2d. 677 (2002). *Accord Mangus v. Ashley*, 199 W. Va. 651, 658, 487 S.E.2d 309, 316 (1997) ("[A] legislature says in a statute what it means and means in a statute what it says there." (internal citations omitted)). Further, it is axiomatic that statutes relating to the same subject matter or having a common purpose must be read and applied together so as to carry out the Legislature's intent:

> Statutes which relate to the same persons or things, or to the same class of persons or things, or statutes which have a common purpose will be regarded in Pari materia to assure recognition and implementation of the legislative intent. Accordingly, a court should not limit its consideration to any single part, provision, section, sentence, phrase or word, but

rather review the act or statute in its entirety to ascertain legislative intent properly.

Syl. Pt. 5, *Fruehauf Corp. v. Huntington Moving & Storage Co.*, 159 W. Va. 14, 217 S.E.2d 907 (1975). Finally, "[i]t is not for this Court arbitrarily to read into a statute that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were purposely included, we are obliged not to add to statutes something the Legislature purposely omitted." Syl. Pt. 11, in part, *Brooke B. v. Ray C.*, 230 W. Va. 355, 738 S.E.2d 21 (2013).

Under West Virginia Code § 55-7-13d(d), a party seeking to allocate fault to a nonparty has the burden of proof: "The burden of alleging and proving *comparative fault* shall be upon the person who seeks to establish such fault." *Id.* The definition of "comparative fault," "*[f]or purposes of this article* [i.e., Chapter 55, Article 7]," is "the degree to which the fault of a person was a proximate cause of an alleged personal injury . . . expressed as a percentage." W. Va. Code § 55-7-13a(a). Finally, the definition of "fault" "*[a]s used in this article* [i.e., Chapter 55, Article 7]," is "an act or omission of a person, which is a proximate cause of injury . . . to another person . . ., including . . . *liability under [West Virginia Code 23-4-2]*," our deliberate intention statute. W. Va. Code § 55-7-13b.

The majority has chosen to ignore that a party seeking to allocate fault to a nonparty for a plaintiff's injury has the burden of proving the nonparty's comparative fault, *see* W. Va. Code § 55-7-13d(d), and that, *for purposes of Chapter 55, Article 7*, the Legislature defined "comparative fault" and "fault" such that "fault" "include[es] . . . *liability*" under our deliberate intention statute. *See* W. Va. Code §§ 55-7-13a(a) and -13b.

The majority's conclusion that proof of the nonparty employer's "deliberate intention" under West Virginia Code § 23-4-2 is not relevant to its comparative fault is simply incorrect because it fails to read the statutes in Chapter 55, Article 7 together and to give force and effect to the statutory language that the Legislature has so purposefully employed. Further, the majority's unsupported conclusion that a party seeking to assess fault to a nonparty employer need only show that the employer proximately caused the plaintiff employee's injury by breaching a legal duty "of some kind" arbitrarily reads into the statutory definition of "fault" that which it does not say, but clearly could have said, if the Legislature so intended.

For the reasons stated above, I concur, in part, and dissent, in part, to the decision in this case.